Argued and submitted October 11, affirmed December 28, 2005

In the Matter of the Compensation of
Joe D. Coleman, Claimant.

Joe D. COLEMAN,
*Petitioner,*

*v.*

SAIF CORPORATION,
Terrain Tamers Chip Hauling, Inc.,
and City of Burns,
*Respondents.*

03-02170, 03-05118; A124865

125 P3d 845

Christopher D. Moore argued the cause and filed the briefs for petitioner.

Jerome P. Larkin argued the cause and filed the brief for respondent SAIF Corporation and Terrain Tamers Chip Hauling, Inc.

Damon L. Vickers, Samuel A. Kubernick, and Cummins, Goodman, Fish, Denley & Vickers, P.C., filed the brief for respondent City of Burns.

Before Landau, Presiding Judge, and Wollheim and Rosenblum, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board holding that he has failed to establish the compensability of a combined condition involving a herniated disc in his lower back. Claimant contends that the board's order is not supported by substantial reason. We affirm.

Claimant first injured his low back in 1997 while working for the City of Burns. The claim was accepted as a nondisabling low back strain and quickly resolved. Claimant continued to experience episodes of low back and leg pain.

In February 2003, while claimant was employed by Terrain Tamers, SAIF's insured, his symptoms suddenly became worse. Claimant delayed reporting his symptoms to employer because he had had ongoing problems and, at first, did not think the current episode was related to his employment. Imaging revealed preexisting degenerative changes at L4-5 and a herniated disc with a free fragment.

Claimant ultimately decided that his symptoms were work related and filed a claim. He has given varying accounts to medical and insurance personnel of the circumstances leading up to them, including hooking up trailers at work, jumping into his truck, and sleeping on an uncomfortable bed while attending a training.

Dr. Kitchel, claimant's treating physician, expressed the opinion that the incident at work in February 2003 was the major contributing cause of claimant's disc herniation. He did not express an opinion concerning the exact mechanism of injury.

Dr. Steele examined claimant on behalf of SAIF. Based on his clinical evaluation, he concluded that claimant did experience a disc herniation sometime in February 2003. He did not believe, however, that claimant's work activities at Terrain Tamers were the major contributing cause of the disc herniation. SAIF denied the claim for the herniated disc.

SAIF asserted that the claim is properly characterized as one for a combined condition, because the herniated

disc condition combined with claimant's preexisting low back condition to cause or prolong disability or the need for treatment. ORS 656.005(7)(a)(B).[1] At the hearing, SAIF conceded that, under ORS 656.266(2)(a), if claimant succeeded in establishing the existence of an "otherwise compensable injury," SAIF had the burden to prove that claimant's "otherwise compensable injury" was not the major contributing cause of the combined condition. The board, in affirming the administrative law judge's order, held that Steele's opinion was more persuasive than Kitchel's, explaining that Steele had more thoroughly discussed the possible mechanisms for the disc herniation and had relied on a more complete medical history. It held that SAIF had "sustained its burden of proving that the disc herniation is not the compensable result of claimant's employment with Terrain Tamers."

One member of the board dissented, reasoning that Steele's opinion was not persuasive. The dissent noted that SAIF had conceded at the hearing that, because its denial was based on the assertion that claimant's injury had combined with a preexisting condition to cause disability or the need for treatment, under ORS 656.266(2)(a), it would have the burden of proof. That statute provides, in part:

> "Notwithstanding subsection (1) of this section, for the purpose of combined condition injury claims under ORS 656.005(7)(a)(B) only:
>
> "(a) Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

In light of SAIF's acknowledgment that it had the burden of proof, the dissent reasoned that SAIF had also acknowledged that claimant had established "an otherwise compensable

---

[1] ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

injury." Necessarily, the dissent explained, some component of the injury is related to the work. The dissent understood Steele's opinion to be that there was no work injury, which, the dissent explained, could not be squared with SAIF"s acknowledgment that it had the burden of proof to establish that "the otherwise compensable injury is not the major contributing cause of the disability of the combined condition or the need for treatment." Thus, the dissent concluded, Steele's opinion was contrary to SAIF"s legal position and the law of the case and therefore did not satisfy SAIF"s burden of proof under ORS 656.266(2)(a).

■     On judicial review, claimant essentially adopts the reasoning of the dissenting board member in support of his contentions that he has established the compensability of the combined condition claim with SAIF and that the board's order is not supported by substantial reason.

It is generally understood that an injury is compensable and arises out of and in the course of employment under ORS 656.005(7) if the work is a material contributing cause of the injury. *Tektronix, Inc. v. Nazari*, 117 Or App 409, 844 P2d 258 (1992), *modified on recons*, 120 Or App 590, 853 P2d 315, *rev den*, 318 Or 27 (1993) (interpreting former version of statute). ORS 656.005(7)(a)(B) creates an exception when the injury "combines" with a preexisting condition:

> "If an *otherwise compensable injury* combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

(Emphasis added.) We have interpreted ORS 656.005(7)(a)(B) to impose the more rigorous, "major contributing cause" standard of proof when it is asserted that an otherwise compensable injury combines with a noncompensable preexisting condition to cause or prolong disability or the need for treatment. *See, e.g., SAIF v. Wart*, 192 Or App 505, 87 P3d 1138, *rev den*, 337 Or 248 (2004) (if an "otherwise compensable injury" is not the major contributing cause of the disability of

the combined condition or the need for treatment of the combined condition, the combined condition is not compensable). In assessing the major contributing cause of a combined condition, ORS 656.005(7)(a)(B) requires a comparison of the relative contributions of different causes of an injury to determine the "primary" cause. *Dietz v. Ramuda*, 130 Or App 397, 882 P2d 618 (1994), *rev dismissed*, 321 Or 416 (1995).

Generally, the burden to prove the compensability of a claim is on the claimant. ORS 656.266(1). When, however, it is asserted that the claim is for a combined condition, ORS 656.266(2)(a) provides:

> "Once the worker establishes an *otherwise compensable injury*, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

(Emphasis added.) The term "otherwise compensable injury" is also used in ORS 656.005(7)(a)(B). It refers to a work-related injury that would be compensable under the material contributing cause standard of proof if not for the fact that it combines with a preexisting condition. *See Schuler v. Beaverton School Dist. No. 48J*, 334 Or 290, 296, 48 P3d 820 (2002) ("otherwise compensable injury" described as "work-related injury"); *Multifoods Specialty Distribution v. McAtee*, 333 Or 629, 634, 637-38, 43 P3d 1101 (2002) (describing "otherwise compensable injury" as a "new injury" or "new condition").

Thus, under ORS 656.266(2)(a), if it is asserted that a claimed injury combines with a preexisting noncompensable injury, the worker must first establish an "otherwise compensable injury." The burden of proof then shifts to the employer to prove the negative—that the "otherwise compensable injury" is not the major contributing cause of the disability or need for treatment of the combined condition.

In this case, SAIF conceded at the hearing that, because it was asserting the existence of a combined condition, *if claimant succeeded in establishing the existence of an otherwise compensable injury*, it would have the burden under ORS 656.266(2)(a) to prove that the work was not the

major contributing cause of the combined condition. SAIF did not, however, acknowledge that claimant, in fact, had established the existence of an "otherwise compensable injury." To the contrary, it expressly disputed that fact.

Even if SAIF's concession were treated as an acknowledgment of the existence of an otherwise compensable injury, that would not be dispositive; SAIF still had the opportunity to establish that the claim was not compensable because the otherwise compensable injury was not the major contributing cause of the combined condition. Steele reported that claimant's work activities "would not likely produce a disc herniation" and that he was unable to attribute the disc herniation to any specific event at work. He expressed the opinion that claimant's work activities were not the major contributing cause of the need for "treatment of the L4-5 disc herniation as a combined condition." We conclude that the board could reasonably interpret that opinion to support the finding that claimant's "otherwise compensable injury," assuming that claimant had established one, was not the major contributing cause of his herniated disc. *See Khrul v. Foremans Cleaners,* 194 Or App 125, 132, 93 P3d 820 (2004). We conclude, further, that Steele's opinion was legally sufficient to satisfy SAIF's burden of proof under ORS 656.266(2)(a).

Affirmed.