Argued and submitted June 30, 2009, reversed and remanded February 3, 2010

In the Matter of the Compensation of
Spyros Kollias, Claimant.
SAIF CORPORATION
and Lucky Limousines & Towncar Service, LLC,
*Petitioners,*

*v.*

Spyros KOLLIAS,
*Respondent.*

Workers' Compensation Board
0605027; A138457

227 P3d 188

Julene M. Quinn argued the cause and filed the briefs for petitioners.

John M. Oswald argued the cause for respondent. With him on the brief was Bottini, Bottini & Oswald, PC.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

## ORTEGA, J.

The issue in this workers' compensation case is the operation of the burden of proof when an employer or insurer seeks to establish that a claimant's "otherwise compensable injury" combines with a preexisting condition to cause a combined condition pursuant to ORS 656.005(7)(a)(B) and ORS 656.266(2). SAIF seeks review of an order of the Workers' Compensation Board holding that, because SAIF had failed to make a *prima facie* case that claimant had a preexisting condition, the burden of proof did not shift to SAIF under ORS 656.266 and, accordingly, SAIF was not entitled under the board's administrative rules to present rebuttal evidence. We conclude that the board erred in its interpretation of the statute and therefore reverse the board's order and remand so that SAIF can put on rebuttal evidence.

Because they provide context for the parties' dispute and are central to our analysis, we quote at the outset the relevant statutes and rules. ORS 656.005(7)(a) provides that "[a] 'compensable injury' is an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability[.]" A claimant establishes compensability of a work injury by providing that work was a *material* contributing cause of the injury. *Coleman v. SAIF*, 203 Or App 442, 446, 125 P3d 845 (2005). However, ORS 656.005(7)(a)(B) provides:

> "If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the *major* contributing cause of the disability of the combined condition or the *major* contributing cause of the need for treatment of the combined condition."

(Emphasis added.) Thus, if an otherwise compensable injury "combines" with a preexisting condition to cause disability or a need for treatment, a more rigorous, "major contributing cause" standard of proof is applicable. *Id.*

A "preexisting condition" is defined in ORS 656.005(24)(a):

" 'Preexisting condition' means, for all industrial injury claims, any injury, disease, congenital abnormality, personality disorder or similar condition that contributes to disability or need for treatment, provided that:

"(A)   Except for claims in which a preexisting condition is arthritis or an arthritic condition, the worker has been diagnosed with such condition, or has obtained medical services for the symptoms of the condition regardless of diagnosis; and

"(B)(i)   In claims for an initial injury or omitted condition, the diagnosis or treatment precedes the initial injury[.]'"

ORS 656.266 sets forth the burden of proof in workers' compensation claims and provides, as relevant:

"(1)   The burden of proving that an injury or occupational disease is compensable and of proving the nature and extent of any disability resulting therefrom is upon the worker. * * *

"(2)   Notwithstanding subsection (1) of this section, for the purpose of combined injury claims under ORS 656.005(7)(a)(B) only:

"(a)   Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

As we said in *Coleman*, ORS 656.266(1) generally places the burden of proving compensability of a claim on the claimant. 203 Or App at 447. If, however, the employer asserts that the claimed injury is a "combined condition injury claim" because it combines with a preexisting noncompensable injury, after the worker has established an "otherwise compensable injury,"[1] the burden of proof shifts to the employer to prove

---

[1] An "otherwise compensable injury," a term that is also used in ORS 656.005(7)(a)(B), refers to a work-related injury that would be compensable under the material contributing cause standard of proof if not for the fact that it combines with a preexisting condition. *See Schuler v. Beaverton School District No. 48J*, 334 Or 290, 296-97, 48 P3d 820 (2002) (describing an "otherwise compensable injury" as a "work-related injury").

that the "otherwise compensable injury" is not the major contributing cause of the disability or need for treatment of the combined condition. *Id.*

The board has developed rules of procedure for the presentation of evidence. OAR 438-007-0023 provides that "[t]he party bearing the burden of proof on an issue in a hearing has the right of first and last presentation of evidence and argument on the issue." OAR 438-006-0091(3) allows the administrative law judge (ALJ) to continue a hearing, on a showing of due diligence, "if necessary to afford reasonable opportunity for the party bearing the burden of proof to obtain and present final rebuttable evidence." Thus, the party with the burden of proof is entitled to an opportunity to present the last evidence—rebuttal evidence—and to a postponement if necessary to obtain that evidence. The dispute in this case turns on whether SAIF was the party with the burden of proof and the right to present rebuttal evidence.

■ With that background in mind, we turn to the facts of this case. After injuring his back at work while lifting tires, claimant filed a workers' compensation claim. Doctors ultimately diagnosed a herniated disk at L4-5, and claimant's treating doctor performed a laminectomy and discectomy. Medical imaging also revealed that claimant has a preexisting condition in his lumbar region known as "Scheuermann's Disease," which is a nonarthritic developmental abnormality of the spine resulting in thinning of the vertebral body end plates that predisposes a person to disk protrusion by weakening of the annulus fibrosis.

SAIF denied the claim on the ground that the disk herniation was not compensably related to claimant's work, and claimant requested a hearing. SAIF essentially asserted at the hearing that, although work was a *material* cause of the need for treatment of claimant's disk herniation, claimant's Scheuermann's Disease was a preexisting condition that combined with his work injury to cause the disk herniation. In SAIF's view, the *major* contributing cause of claimant's disk herniation was his Scheuermann's Disease, not the work injury.

Claimant and SAIF put on evidence as to the cause of claimant's disk herniation. SAIF did not dispute that

claimant had established that his employment was a material contributing cause of the disk herniation. It sought to establish that claimant's Scheuermann's Disease combined with his work injury and that the work injury was not the major contributing cause of the disk herniation. Claimant's evidence included a report from Dr. Brett, his treating physician, that claimant's Scheuermann's Disease is "unrelated to his pre-operative condition and need for surgery."

Contending that it was the party with the burden of proof pursuant to ORS 656.266, SAIF requested an opportunity to make the last presentation of evidence and sought a continuance in order to rebut Brett's report, which claimant had first offered at the hearing. OAR 438-007-0023; OAR 438-006-0091(3). In an interim order, the ALJ denied SAIF's request to present rebuttal evidence. The ALJ explained that the record did not establish that claimant's Scheuermann's Disease was a preexisting condition as defined in ORS 656.005(24)(a) and that, therefore, SAIF had failed to make a *prima facie* case that claimant sought benefits for a combined condition. Because of that, the ALJ concluded, "SAIF has failed to prove the predicate condition to shift the burden of proof under ORS 656.266(2)," and SAIF was therefore not entitled to the last presentation of evidence under OAR 438-007-0023 or to a continuance to obtain evidence to rebut claimant's evidence. In an opinion and order, the ALJ held that claimant's herniated disk was compensable.

In upholding the ALJ's order, the board explained, "SAIF did not establish a *prima facie* case for a 'combined condition.' Thus, the burden of proof never shifted to SAIF." In light of that conclusion, the board held that the ALJ did not abuse his discretion in denying SAIF's motion for a continuance. On the merits of the dispute, the board affirmed the ALJ's decision that the claim was compensable.

Board member Langer dissented. She explained that, under her understanding of ORS 656.266(2), once the claimant has established an "otherwise compensable injury," the burden of proof shifts to the employer or insurer to establish that the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability or the need for treatment of the combined condition. That burden

encompasses establishing that (1) the claimant has a preexisting condition (2) that has combined with the work injury to cause disability and a need for treatment. As the party with the burden of proof, the dissent reasoned, SAIF was entitled to exercise its right to the last presentation of evidence and to a continuance to obtain rebuttal evidence.

SAIF essentially adopts the reasoning of the dissenting board member and asserts in its petition for review that the board's application of the burden of proof was incorrect. We agree. As we said in *Coleman*, 203 Or App at 447, although ORS 656.266(1) generally places the burden of proving the compensability of a claim on the claimant, if the employer asserts that the claim is for a combined condition, the burden of proof shifts. Once the claimant has established an "otherwise compensable injury," the employer or insurer has the burden to establish that the "otherwise compensable injury" is not the major contributing cause of the disability or the need for treatment of the combined condition. We conclude that that burden encompasses proof (1) that the claimant suffers from a preexisting condition, as defined in ORS 656.005(24), and (2) that the claimant's condition is a combined condition. *See Cole / Dinsmore v. DMV*, 336 Or 565, 584, 87 P3d 1120 (2004) (the proponent of a fact in a contested case hearing has the burden to prove it).

In light of SAIF's concession that claimant had experienced an "otherwise compensable injury," it was SAIF's burden to establish both the existence of a preexisting condition and a combined condition in the process of meeting its burden to establish that claimant's otherwise compensable injury was not the major contributing cause of claimant's herniated disk. Therefore, the board erred in concluding that the burden of proof has not shifted to SAIF and that SAIF was not entitled under the board's rules to rebut Brett's report. In light of the ALJ's determination that SAIF had demonstrated due diligence, SAIF was also entitled to a continuance pursuant to OAR 438-006-0091(3) sufficient to afford it a reasonable opportunity to obtain and present rebuttal evidence. We therefore reverse and remand the board's order.

Reversed and remanded.