Argued and submitted September 14, 2010, affirmed January 12, 2011

In the Matter of the Compensation of
Robert Prabucki, Claimant.

DS WATERS OF AMERICA, LP,
*Petitioner,*

*v.*

Robert PRABUCKI,
*Respondent.*

Workers' Compensation Board
0801518; A143117

246 P3d 88

Benjamin C. Debney argued the cause and filed the briefs for petitioner.

Kevin Keaney argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

SERCOMBE, J.

## SERCOMBE, J.

Employer seeks review of an order of the Workers' Compensation Board (board) upholding an administrative law judge's (ALJ) order setting aside employer's denial of claimant's injury claim for a C4-5 disc herniation. Employer contends that the board erred in failing to consider certain evidence, in discounting other evidence, in providing inadequate reasoning for its decision, and in denying employer the opportunity to make the last presentation of evidence. We conclude that the board's order is supported by substantial evidence and substantial reason and affirm.

The board found that claimant began to experience neck pain on December 11, 2007, while raising his arms to load coffee products into a delivery truck. The board found that claimant's pain worsened with a sneeze. An MRI revealed that claimant had a C4-5 disc herniation, as well as mild to moderate spondylosis at C5-6 and C6-7.

Employer denied claimant's claim for C4-5 disc herniation, and claimant requested a hearing. Multiple medical reports were submitted by the parties. Employer sought to establish that claimant had a preexisting arthritic condition and that the preexisting condition had combined with any possible work injury. Employer further contended that the work was not the major contributing cause of claimant's cervical condition. *See* ORS 656.005(7)(a)(B);[1] ORS 656.266(2)(a).[2] Accordingly, employer also sought to submit

---

[1] ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

[2] ORS 656.266 provides, in part:

"(2) Notwithstanding subsection (1) of this section, for the purpose of combined condition injury claims under ORS 656.005(7)(a)(B) only:

"(a) Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

an addendum report by Dr. Duff, who had conducted an independent medical examination (IME) on behalf of employer, as the "last presentation of evidence and argument on the issue." *See* OAR 438-006-0023; *SAIF v. Kollias*, 233 Or App 499, 227 P3d 188 (2010). Claimant objected to the admission of the report, and the ALJ excluded it. The ALJ further found, based on the other medical evidence in the record, that claimant's work activities on December 11, 2007, were the major contributing cause of the C4-5 disc herniation and set aside employer's denial.

On appeal to the board, employer contended that Duff's report should have been admitted. The board did not address that contention, however, because it concluded that, even considering Duff's report, it would conclude that claimant's condition is compensable.

Employer further contended before the board that claimant's account of his injury was not credible and that claimant did not experience an injury on the job. In the alternative, employer contended that any possible work injury combined with a preexisting arthritic condition that was the major contributing cause of the combined condition. The board addressed employer's challenge to claimant's credibility. It made an explicit finding, supported by a lengthy explanation, that claimant was credible and that the record showed that claimant's symptoms arose at work.

Having determined that claimant's symptoms arose at work, the board turned to the evidence of medical causation. Drs. Greenberg and Soldevilla, claimant's attending physician and surgeon, respectively, opined that claimant's neck condition was work related. They based their opinions on claimant's description of the onset of pain while loading heavy items into a truck at work. In contrast, Drs. Duff and Denekas, who provided employer with IMEs, opined that claimant's C4-5 disc herniation was not related to work. Underlying their opinions was the assumption that claimant's symptoms were associated with sneezing or coughing, rather than with a work injury.

The board determined that the opinions of Greenberg and Soldevilla were more consistent with claimant's credible

version of the events, specifically with his description of the origin of his symptoms. Based on that determination, the board found the opinions of Greenberg and Soldevilla more persuasive than those of Duff and Denekas and concluded that claimant had met his initial burden to prove an "otherwise compensable injury."

Denekas and Duff had also offered the opinion that any work activity that might have precipitated claimant's symptoms would have combined with a preexisting degenerative disease to cause the cervical disc herniation. They further opined that the preexisting degenerative condition was the major contributing cause of the combined condition. Based on their opinions, employer contended that the otherwise compensable injury was not the major contributing cause of claimant's disability or need for treatment. ORS 656.005(7)(a)(B).

The board once again rejected the IME doctors' opinions. The board explained that those opinions were not persuasive, because the doctors

> "consistently reiterated their belief that claimant's symptoms were not associated with work but were associated with sneezing instead. Thus, they discussed a hypothetical 'combined condition' without weighing the contribution of claimant's work injury.
>
> "* * * Because Drs. Denekas and Duff did not weigh the relative contribution of claimant's work injury to the herniation, their opinions do not prove that the otherwise compensable injury was not the major contributing cause of claimant's disability or need for treatment of the combined condition."

Thus, the board's decision once again turned on the question of claimant's credibility and the board's determination that claimant was credible and had experienced his neck symptoms while working. In light of its rejection of the IME reports, the board further held that employer had failed to establish that claimant had a preexisting condition that was the major contributing cause of his disability or need for treatment. ORS 656.266(2)(a).

■ On review, in four separate assignments of error, employer continues to dispute claimant's account of his injury, complaining that the board's credibility determination and its determination that claimant suffered an injury on the job are not supported by substantial evidence or substantial reason, because the board ignored, or did not adequately explain away, credible evidence showing that claimant did not experience an injury at work. Although there is conflicting evidence in the record on this point, we conclude that substantial evidence supports the board's findings that claimant was credible and experienced his injury on the job, and we do not address that issue any further.

Employer further challenges the board's determination that, even if employer had met its burden to show that claimant had experienced a combined condition, nonetheless, employer had failed to meet its burden to prove that the "otherwise compensable injury" was not the major contributing cause of the need for treatment of the combined condition. ORS 656.266(2)(a). In its order, the board described the opinions of Denekas and Duff and their view that any on-the-job activity would have combined with a preexisting degenerative disease to cause the cervical disc herniation and that the preexisting degeneration was the major contributing cause of the combined condition. The board rejected those opinions as unpersuasive, primarily because the opinions assumed that the origin of claimant's symptoms was a sneeze rather than an incident at work as described by claimant, and the doctors therefore did not consider or weigh a contribution from claimant's work.

■ Employer contends that the board erred in discounting the opinions of Denekas and Duff for that reason and, further, that the board did not adequately explain its rejection of those opinions. We have reviewed the record and conclude that the board adequately explained its decision to rely on the opinions of Greenberg and Soldevilla and that its order is supported by substantial evidence and substantial reason. *See Schoch v. Leupold & Stevens*, 325 Or 112, 118, 934 P2d 410 (1997) (substantial reason requirement necessitates "a sufficient explanation to allow a reviewing court to examine the agency's action").

■ Finally, employer contends that the board erred in excluding Duff's addendum report. In that addendum report, Duff stated:

> "As to the disk herniation occurring with such activities as sneezing, coughing, etc., and other events of everyday life, this will likely occur if, in fact, the disk has degenerated to the point that only a very minor increase in pressure on the disk is sufficient to actually cause a herniation."

Like the board, we do not reach the issue of the admissibility of the report,[3] because we conclude that, even if the board had considered the report, as the board said, it would not have reached a different outcome. The report was based on the same underlying premise that the board had rejected—that claimant's symptoms were triggered by a sneeze rather than by work activity; thus, any error in not admitting the report was harmless.

Affirmed.

---

[3] We note that, in *Kollias*, 233 Or App at 505, we held that, because the burden to establish that a claimant's "otherwise compensable injury" is not the major contributing cause of the disability or the need for treatment encompasses proof that (1) the claimant suffers from a preexisting condition, as defined in ORS 656.005(24), and (2) the claimant's condition is a combined condition, the employer is entitled to put on rebuttal evidence under OAR 438-007-0023 to establish that the claimant has a combined condition.