Argued and submitted December 17, 2021, affirmed August 24, 2022

In the Matter of the Compensation of
Guillermo Torres, Claimant.

Guillermo TORRES,
*Petitioner,*

*v.*

SAIF CORPORATION
and Torres Farms - Torres Contracting,
*Respondents.*

Workers' Compensation Board
1800074; A174136

516 P3d 735

In this combined condition case, claimant seeks review of the Workers' Compensation Board (board) order upholding SAIF's denial of claimant's injury claim for a left foot condition. Claimant argues on review that the board erred by concluding that his otherwise compensable injury combined with a preexisting diabetic condition and that the work-related injury was not the major contributing cause of his left foot condition and need for treatment. SAIF asks the Court of Appeals to affirm the order and also raises a cross-assignment of error arguing that substantial evidence did not support the board's finding that an otherwise compensable injury was at least a material contributing cause of the injury. *Held*: The board properly weighed conflicting medical opinions to determine the major contributing cause of claimant's injury, a process which it explained in its order. Thus, the board's order was supported by substantial evidence and reason.

Affirmed.

Aaron E. Clingerman argued the cause for petitioner. Also on the briefs was Pancic Law.

Daniel Edward Walker argued the cause and filed the briefs for respondents.

Before Mooney, Presiding Judge, and Pagán, Judge, and DeVore, Senior Judge.*

MOONEY, P. J.

Affirmed.

_____
* Pagán, J., vice DeHoog, J. pro tempore.

**MOONEY, P. J.**

This is a "combined condition" case in which claimant seeks review of the Workers' Compensation Board (board) order that affirmed the ALJ's order upholding SAIF's denial of claimant's injury claim for a left foot condition. Claimant assigns error to the board's conclusions that his otherwise compensable injury (1) combined with a preexisting diabetic condition to cause the left foot condition and the associated need for treatment, and (2) that the work-related injury was not the major contributing cause of the combined left foot condition and need for treatment. SAIF asks us to affirm the order on review and, additionally, raises a cross-assignment of error arguing that substantial evidence did not support the board's finding that claimant's "work activities were materially related to his injury claim." We affirm the board's order in its entirety.

We review the board's findings of fact for substantial evidence and reason. ORS 183.482(8)(c). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." *Id.* When reviewing for substantial reason, "we determine whether the board provided a rational explanation of how its factual findings lead to the legal conclusions on which the order is based." *Arms v. SAIF*, 268 Or App 761, 767, 343 P3d 659 (2015).

Claimant began working as a firefighter for SAIF's insured employer, Torres Farms - Torres Contracting (Torres Farms) on August 6, 2017. There is no dispute that before that employment began, claimant had been diagnosed with, and treated for, diabetes with related complaints of numbness in his feet. There is also no dispute that claimant's work activities as a firefighter for Torres Farms included walking on steep mountain terrain, while wearing boots, for several hours per shift. Claimant developed a blister on his left foot, which he noticed on August 20, 2017. He worked until September 12, when he was no longer able to continue due to left foot pain.

Claimant sought treatment for his left foot condition on October 10, 2017, from La Clínica de Nuestra Señora de Guadalupe. The records from that encounter reflect that

he had "a small wound in left foot because of friction with his boots." He was referred to the emergency department where he was found to have a "1.5 cm diameter ulcer" on the "lateral aspect of the left foot over the fifth metatarsal head." Infection was suspected and he was admitted to the hospital. Active infection in the left fifth toe was confirmed, and claimant was later discharged with a plan for outpatient antibiotics and wound debridement, with the hope of avoiding surgery. Dr. Stevens, a podiatrist, provided that course of treatment, but the infection did not abate and, ultimately, on December 13, 2017, Stevens amputated claimant's left fifth toe and accompanying fifth metatarsal, due to osteomyelitis of that toe and metatarsal.

While claimant was still undergoing outpatient treatment, he completed a form requesting workers' compensation benefits for a work-related injury, specifically identifying August 20, 2017, as the date of injury. He also identified the blister on his left foot as the injury and attributed that injury to his work as a firefighter. SAIF denied that claim shortly after the amputation, reasoning that the left foot ulcer was "not compensably related to [his] employment."

Dr. Curosh, an endocrinologist, performed an independent medical examination at SAIF's request and concluded that claimant's work activities did not significantly contribute to the ulcer. She further opined that "the major causes of his left foot ulcer were poorly controlled diabetes, ill-fitting shoes, failure to check his feet for blisters, failure to treat the blister and change shoes, continuing to work with a worsening blister, and failure to seek timely medical care." Curosh agreed with SAIF correspondence that stated:

> "[T]he blister combined with the preexisting diabetes to cause or prolong treatment in the sense the blister developed into a diabetic ulcer ***. The diabetes actively contributed to the ulcer and the amputation because it causes peripheral neuropathy and diminished sensation. Initially, it caused [claimant] to not notice the blister and thus not address it ***. The diminished blood flow compromised healing. Additionally, elevated blood sugars from the diabetes render the tissue more susceptible to bacterial infection. It was a combination of the diabetic neuropathy, vascular disease, and increased blood sugar levels that led to the

diabetic ulcer and eventual amputation. The work-related blister may have precipitated these events, but was not the major cause *** of the eventual ulcer and amputation."

Stevens, on the other hand, agreed with correspondence from claimant's counsel that claimant's work activities were the major contributing cause of the left foot condition and eventual amputation. He also agreed that claimant's diabetes made claimant more susceptible to an infection.

An injury is compensable when it arises "out of and in the course of employment requiring medical services or resulting in disability or death" and "if the work is a material contributing cause of the injury." ORS 656.005(7)(a); *Coleman v. SAIF*, 203 Or App 442, 446, 125 P3d 845 (2005). "However, when an otherwise compensable injury combines with a preexisting condition to cause or prolong a disability or the need for treatment, the combined condition is compensable only if the otherwise compensable injury is the major contributing cause of the disability or need for treatment." *SAIF v. Harrison*, 299 Or App 104, 106, 448 P3d 662 (2019) (citing ORS 656.005(7)(a)(B)).

The claimant has the burden of proving the presence of an otherwise compensable injury. ORS 656.266(1). However, in combined condition claims,

"[o]nce the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or *** the need for treatment[.]"

ORS 656.266(2)(a). In this case, the board determined that claimant had established an otherwise compensable injury and that it was a material contributing cause of his need for treatment, which shifted the burden to SAIF to prove that the otherwise compensable injury, the blister, was not the major contributing cause of claimant's disability or need for treatment. Determining the major contributing cause is a complex medical question that must be answered through expert medical opinion that evaluates "the relative contribution of different causes of an injury or disease and deciding which is the primary cause." *Dietz v. Ramuda*, 130 Or App 397, 401, 882 P2d 618 (1994), *rev dismissed*, 321 Or

416 (1995) (stating rule regarding combined conditions); *see Harrison*, 299 Or App at 112. When reviewing the board's evaluation of medical opinions, "we do not substitute our judgment for that of the board"; we determine only whether the board's evaluation was reasonable. *SAIF v. Pepperling*, 237 Or App 79, 85, 238 P3d 1013 (2010).

Here, the board first determined that claimant carried his burden to prove an otherwise compensable injury was at least a material contributing cause of his need for treatment. SAIF argues in its cross-assignment of error that that determination is not supported by substantial evidence. We disagree. The board reviewed both Stevens's and Curosh's opinions and found that they both supported the finding that claimant's work injury was at least a material contributing cause of his need for treatment. Stevens concluded that the firefighting activities caused the blister and the subsequent bone infections which were complicated by claimant's diabetes. Curosh acknowledged that the blister itself was developed at work, which supports (or at least does not necessarily undermine) Stevens's opinion that claimant's work was a material contributing cause. The board's order relies on the opinions of both medical experts in the case and is based on substantial reason. Therefore, we reject SAIF's cross-assignment.

Next, the board determined that SAIF had proved the existence of a combined condition and that the work injury was not the major contributing cause of claimant's need for treatment. The board recognized that it was Stevens's opinion that claimant's diabetes did not actively contribute to claimant's foot condition, but only made him more susceptible to injury, which would make the diabetes insufficient as a legally cognizable preexisting condition to categorize the claim as a combined condition. *Corkum v. Bi-Mart Corp.*, 271 Or App 411, 422, 350 P3d 585 (2015); *Murdoch v. SAIF*, 223 Or App 144, 149-50, 194 P3d 854 (2008), *rev den*, 346 Or 361 (2009) (concluding that the claimant's diabetes hindered his ability to heal but did not actively contribute to the injury and was therefore not a preexisting condition for the purposes of a combined condition claim). But, as the board explained, Stevens initially described claimant's foot condition as a diabetic ulcer and not as a work-caused

blister, which the board identified as a significant inconsistency within Stevens's opinion about causation that made his opinion less persuasive than that of Curosh. Curosh expressly found that claimant's diabetes actively contributed to the injury because it caused his peripheral neuropathy and diminished sensation. The board was persuaded by Curosh's later clarification, consistent with her opinion as originally stated, that the diabetes caused peripheral neuropathy, diminished sensation, and diminished blood flow, and actively contributed to claimant's need for treatment.

Ultimately, the board weighed Stevens's and Curosh's opinions in analyzing the possible causes of claimant's injury to determine the primary cause, and it explained that process in its order. Relying on the opinions of both medical experts, it found that the blister was an otherwise compensable injury that was a material contributing cause of the need for treatment. In the face of conflicting medical opinions on the question of primary causation, it relied upon Curosh because, as it explained, it found her opinion to be more thorough and better reasoned and, therefore, more persuasive than that of Stevens. The board's conclusion that claimant's diabetes was a preexisting condition for the purposes of combined-condition analysis and that the diabetes, rather than the work-related blister, was the major contributing cause of claimant's foot condition and need for treatment was, thus, a logical conclusion based on the evidence presented. Substantial evidence and reason support the board's view of the evidence and its ultimate conclusion that the combined condition is not covered. Therefore, we reject both of claimant's assignments of error, as well as the cross-assignment of error asserted by SAIF. The board's order is affirmed.

Affirmed.