***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted November 22, affirmed December 29, 2022

In the Matter of the Compensation of
Jose D. Canchola-Morgan, Claimant.

Jose D. CANCHOLA-MORGAN,
*Petitioner,*

*v.*

SAIF CORPORATION
and PBJ Holdings,
*Respondents.*

Workers' Compensation Board
1905116; A177062

Aaron S. Price argued the cause for petitioner. Also on the briefs was Welch, Bruun & Green.

Beth Cupani argued the cause and filed the brief for respondents.

Before Tookey, Presiding Judge, and Kamins, Judge, and DeVore, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Claimant seeks judicial review of an order of the Workers' Compensation Board upholding SAIF's denial of claimant's new or omitted medical condition claim for gross hematuria (visible blood in the urine). In his first assignment of error, claimant contends that the board applied an incorrect legal standard in evaluating the compensability of his new or omitted medical condition claim. In his second assignment, claimant contends that the board's determination that he did not meet his burden of proof is not supported by substantial evidence. We review the board's order for errors of law and substantial evidence, conclude that the board did not err and that the board's order is supported by substantial evidence, and affirm.

Claimant fell at work in 2014 and suffered an injury to his left knee, upper and lower spine, and left hip. SAIF accepted a claim for left hip contusion, lumbar contusion, and cervical and thoracic strains. After treatment and several claim acceptance modifications, claimant's injury claim was closed without an award of permanent disability.

Beginning shortly after his work injury, claimant has sporadically experienced gross hematuria—visible blood in his urine, for which he has sought diagnosis and treatment. In 2019, claimant made a new or omitted medical condition claim for "gross hematuria." SAIF denied the claim, and claimant requested a hearing.

To establish the compensability of his new or omitted medical condition claim for hematuria, claimant was required to prove that the condition existed and that the work injury was a material contributing cause of any disability or need for treatment of the claimed condition. *Schleiss v. SAIF*, 354 Or 637, 643-44, 317 P3d 244 (2013) ("[T]o prove the existence and compensability of a new or omitted medical condition, the claimant must prove that his or her injury was the 'material contributing cause' of the disability or need for treatment of the new or omitted condition."); ORS 656.005(7)(a); ORS 656.266(1).

Claimant has been seen by urologists, internal medicine practitioners, and a nephrologist. All diagnostics have

been normal and have not identified a source for the blood in claimant's urine or an injury-related cause for bleeding. In addition to claimant's full medical history since his injury, the hearing record includes opinions by Dr. Narasimhamurthy, a nephrologist, and Drs. Magnum and Pataroque, internists. Narasimhamurthy concurred in Mangum's opinion that claimant did not have any trauma near the kidney area, which he said would, at a minimum, be expected if the hematuria is trauma induced. Narasimhamurthy provided the opinion that claimant's hematuria was not related to his kidneys. Both Narasimhamurthy and Pataroque deferred to the opinion of Dr. Mhoon, a urologist, as to the source of the bleeding or the cause of claimant's gross hematuria. Mhoon, in turn, testified by deposition that he had not seen any objective sign of gross hematuria and that he had not seen any red blood cells in the urinalyses he conducted from 2015 through 2020; but he provided a diagnosis of gross hematuria based on claimant's credible self-reports of blood in his urine.

Although Mhoon could not identify a specific etiology for gross hematuria or, for that matter, any need for treatment, he was of the view that claimant's work injury was a material contributing cause of claimant's *need to seek* treatment for hematuria. However, Mhoom also testified by deposition that it was possible but not probable that claimant's work injury had caused gross hematuria.

The administrative law judge (ALJ) determined that claimant had not met his burden, reasoning that Mhoon, who had not himself observed blood in claimant's urine, and to whom the other doctors had deferred, had opined only that the work injury was a possible, but not a probable, cause of hematuria.

The board affirmed the ALJ's order with supplementation, explaining that Mhoon, who had stated his opinion of causation in terms of possibility rather than probability, did not support a finding that the hematuria was work-related. And because both Narasimhamurthy and Pataroque had deferred to Mhoon, the board concluded that their opinions also were not persuasive as to the cause of claimant's condition or need for treatment. Thus, the board concluded that claimant had not met his burden.

In a new or omitted medical condition claim, the claimant has the initial burden of proving the existence of the claimed condition and its relationship to the employment, by a preponderance of the persuasive medical evidence. *SAIF v. Williams*, 304 Or App 233, 242, 466 P3d 1052 (2020) (claimant has burden to prove "existence and compensability of a new or omitted medical condition"). The compensability of a new or omitted medical condition is established by proof that the work incident was a material contributing cause of the disability or need for treatment of that condition. *Schleiss*, 354 Or at 643-44; *see* ORS 656.005(7)(a).[1]

In his first assignment of error, claimant contends that the board applied an incorrect legal standard in determining the compensability of claimant's hematuria as a new or omitted medical condition. We review that question for errors of law. ORS 183.482(7); *Wantowski v. Crown Cork & Seal*, 175 Or App 609, 614, 29 P3d 1165 (2001). Claimant focuses on the board's statement of the legal test— "claimant must prove that the gross hematuria condition exists and that the work incident was a material contributing cause of the disability/need for treatment of that condition." Claimant asserts that the board's shorthand, "disability/ need for treatment," reflects a mistaken merger of the two possible ways to establish a claim—disability or a need for treatment—into a single standard, and that the board failed to recognize that a claimant can establish the compensability of a claim by showing *either* that the work injury was a material contributing cause of disability or a material contributing cause of the need for treatment.

We have reviewed the board's order and conclude that the board understood that compensability can be established by showing *either* that the work injury was a material contributing cause of disability or that the work injury was a material contributing cause of the need for treatment. Contrary to the implication of claimant's argument, the adequacy of evidence connecting claimant's hematuria to his work injury would bear on either the cause of disability or

---

[1] We emphasize the applicability of the "material contributing cause" standard of proof in this injury claim, and not, as stated in claimant's brief, the "major contributing cause" standard.

the cause of a need for treatment. The board's analysis correctly focused on the adequacy of the evidence connecting claimant's hematuria to his work injury. The board understood and applied the correct standard.

Establishing the existence of a new or omitted medical condition is a prerequisite to compensability. *De Los-Santos v. Si Pac Enterprises, Inc.*, 278 Or App 254, 257, 373 P3d 1274, *rev den*, 360 Or 422 (2016) ("[T]o prevail on a new or omitted condition claim under ORS 656.267, a claimant must establish—with medical evidence—that the claimant, in fact, has a condition."). The board's order seems to have assumed the establishment of the existence of a gross hematuria.

If a claimant establishes the existence of a new or omitted medical condition, compensability still depends on a showing that the work injury was a material contributing cause of the condition. *Williams*, 304 Or at 242; *Torres v. SAIF Corp.*, 321 Or App 408, 411, 516 P3d 735 (2022) ("An injury is compensable when it arises 'out of and in the course of employment requiring medical services or resulting in disability or death' and 'if the work is a material contributing cause of the injury.'" (Quoting ORS 656.005(7)(a); citing *Coleman v. SAIF*, 203 Or App 442, 446, 125 P3d 845 (2005).)). The board here determined that claimant had not met that burden. The board reasoned that the medical opinions on which claimant relied were not persuasive, in part because they were not based on a *probability* (as opposed to a possibility) that claimant's work injury gave rise to a hematuria or a need for treatment of hematuria.[2]

In his second assignment, claimant contends that the board's order is not supported by substantial evidence. Claimant seems to argue that the board mistakenly disregarded evidence that the work incident was a material contributing cause of claimant's *need to seek* treatment for hematuria. We have reviewed the record and conclude that

---

[2] The board noted that Mhoon, on whose opinion claimant relied, initially stated that the work incident was a material contributing cause of the need for treatment of gross hematuria but subsequently concluded that the work incident was only a possible, but not a probable, cause of the claimed condition.

the board's evaluation of the medical record is reasonable and that its order is supported by substantial evidence.

Affirmed.